IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MILENA ZAKAMAROK<br>12904 Gladys Retreat Circle<br>Bowie, MD 20720 | * | |
| Plaintiff | * | |
| v. | * | |
| | * | Case Number: |
| CREDIGY RECEIVABLES, INC.<br>2877 Paradise Road, #303<br>Las Vegas, NV 89109 | * | AW 05CV 2684 |
| | * | |
| Serve: Resident Agent<br>Maryland Agent Service, Inc.<br>835B Ritchie Highway<br>Severna Park, MD 21146 | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

MILENA ZAKAMAROK, Plaintiff, through undersigned counsel, sue the Defendant, CREDIGY RECEIVABLES, INC., and further states:

### Parties

1. Plaintiff is a resident of Prince George's County, Maryland.

2. Defendant, CREDIGY RECEIVABLES, INC. ("Credigy"), is a corporation which, among other things, engages in the business of debt collection in the State of Maryland. Defendant, Credigy, is, upon information and belief, a Nevada Corporation

### Jurisdiction

3. This Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1332.

4. On or about October 1991, Plaintiff entered into a revolving credit agreement with Discover Card with the account number of 6011-0014-5007-8268. This account was transferred as a charge off account to First Select, Inc. with the account number of 4168-1002-1356-3131. In

March of 2001, a payment schedule was reached between Plaintiff and First Select, Inc., for settlement via an initial payment of $1,500.00 and monthly payments in the minimum amount of $200.00 thereafter, plus a price match for 25 percent from First Select, Inc.

5. After Plaintiff started to make arrangements for the payment on this account with First Select, Inc. it was sold to Midland Credit Management, Inc. with the account number of 6011-0014-5007-8268.

6. The first correspondence from Midland Credit Management, Inc. was dated July 3rd, 2001, however, it indicated a balance due of $12,082.26, which was incorrect. The appropriate account balance was eventually fixed by Providian, which indicated that First Select, Inc. is a wholly owned subsidiary of Providian Financial in February of 2002.

7. Thereafter the account was passed to Commonwealth Credit Attorneys (Account Number 03-87543-0) and then Vital Recovery Services, Inc. (Account Number 0010168104)

8. Plaintiff set up a payment schedule with Vital Recovery Services, Inc. and made monthly payments on a timely basis until her account balance reached $4,418.34 in August of 2003 after which time it was sold to Defendant, Credigy (Account Number 4168-1002-1356-3131).

9. In December of 2003, Plaintiff contacted Defendant regarding this account and was told that the balance was $4,493.34. However, they would not accept monthly payments. When Plaintiff was advised that Defendant would no longer honor the agreement that was reached, she ceased mailing monthly payments.

10. In April of 2004, Stewart & Associates, P.C. contacted Plaintiff as legal representation for Credigy Receivables, Inc. and indicated that her account balance was $10,958.42, which was incorrect.

1. In January 2005 correspondence was sent to all three credit reporting agencies regarding the inaccurate account balance for the revolving credit account now owned by Defendant and correspondence was also sent to Stewart & Associates, P.C by counsel for Plaintiff.

12. Defendant falsely reported to credit reporting agencies, prospective lender(s), and others that Plaintiff had not made payment pursuant to the provisions of the agreement between Plaintiff and Defendant's predecessor collection companies.

13. Defendant communicated inaccurate information concerning Plaintiff's credit to credit reporting agencies and others and violated applicable law by reporting this information. Defendant also failed to properly investigate or reinvestigate the accuracy of the inaccurate information when requested to do so by consumer reporting agency(ies) and/or Plaintiff.

14. Plaintiff has sustained damages including, but not limited to, damage to her credit reputation and standing, attorney's fees and costs of litigation.

## COUNT I
### (UNFAIR AND DECEPTIVE TRADE PRACTICES)

15. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

16. That the revolving credit agreement initially signed by Plaintiff on or about October 1991 with Discover Card, which has been transferred to Defendant, is governed by the Consumer Protection Act '13-101 et seq. of the Annotated Code of Maryland, Commercial Law Article.

17. That the actions and omissions of Defendant constitute unfair and deceptive trade practices and violate the Consumer Protection Act, '13-301 et seq. of the Annotated Code of Maryland, Commercial Law Article.

18. That Plaintiff is entitled to reasonable attorney's fees pursuant to the Annotated Code

of Maryland, Commercial Law Article '13-401(b).

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CREDIGY, in the amount of ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00), plus costs and attorney's fees as damages for unfair and deceptive trade practices and for such other and further relief as this Court deems proper.

## COUNT II
## (DEFAMATION)

19. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

20. That the negative reporting of information concerning Plaintiff's credit history by Defendant to credit reporting agencies was false and defamatory and made without license or privilege.

21  That the said defamatory communications were intentionally and maliciously made with the intent to injure Plaintiff.

22. Alternatively, said communications were negligently made.

23. As a result of the false and defamatory statements published by Defendant the character and reputation of Plaintiff was harmed and she suffered mental anguish and personal humiliation.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CREDIGY, for compensatory and punitive damages in the amount of ONE HUNDRED THOUSAND DOLLARS AND NO CENTS ($100,000.00), plus costs and attorney's fees as damages for defamation and for such other and further relief as this Court deems proper.

## COUNT III
## (FAIR CREDIT BILLING ACT/TRUTH IN LENDING ACT/
## FAIR CREDIT REPORTING ACT)

24. Plaintiff repeats and realleges all prior allegations contained herein and incorporates same herein by reference.

25. That the Plaintiff made a written notification of the inaccurate information to all three credit agencies, which was forwarded to Defendant.

26. That the Defendant failed to properly acknowledge notice of the inaccurate information, failed to conduct a reasonable investigation into the inaccurate information, improperly attempted to collect payment from the Plaintiff and improperly made an adverse report about Plaintiff's credit.

27. That the placing of false and derogatory information on Plaintiffs credit report; the failure of Defendant to properly investigate or reinvestigate information supplied to credit reporting agencies and upon investigation or reinvestigation, supply correct information to that credit reporting agency and others; and the failure to follow statutorily mandated billing procedures constitute a violation of the Fair Credit Billing Act, 15 USC § 1666 et seq., the Fair Credit Reporting Act, 15 USC § 1681, and the Federal Truth in Lending Act, 11 USC § 1601 et seq. and other laws and regulations pertaining thereto.

28. That Plaintiff is entitled to an award of statutory damages by virtue of Defendant's violation of the Fair Credit Billing Act, the Fair Credit Reporting Act and the Truth in Lending Act.

WHEREFORE, Plaintiff prays that this Honorable Court enter judgment for Plaintiff and against Defendant, CREDIGY, in the amount of ONE HUNDRED THOUSAND DOLLARS

AND NO CENTS ($100,000.00), plus costs and attorney's fees for non-compliance with the above federal statutes.

## COUNT IV
## (INJUNCTIVE RELIEF)

29. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

30. Unless Defendant is enjoined by this Court from making further attempts to collect a incorrect balance purportedly owed on this account, and from assigning this incorrect account balance with Plaintiff to any other entity for purposes of collection, Plaintiff will suffer grave, immediate, substantial, and irreparable injury which cannot be adequately remedied solely by an action at law for damages.

WHEREFORE, Plaintiff respectfully request that, after a determination of the merits in this action, this Honorable Court issue an Injunction:

(A) enjoining Defendant, CREDIGY, from further attempts to collect an incorrect balance including but not limited to filing further stay modification motions to collect this balance,

(B) enjoining Defendant, CREDIGY, from assigning an incorrect account balance with Plaintiff to any other entity for purposes of collection.

## COUNT V
## (DECLARATORY RELIEF)

31. Plaintiff repeats and realleges all prior allegations contained in this Complaint and incorporates same herein by reference.

32. Defendant continues to assert that Plaintiff is in arrears on her account.

33. An actual controversy has arisen and now exists between Plaintiff and Defendant,

regarding their respective rights and duties under the revolving credit agreement initially signed on or about October 1991

34. In view of Defendant's actual and threatened actions to enforce the purported terms of the credit agreement and Plaintiff's contention that Defendant continues to attempt to collect an incorrect balance, there is an actual controversy within the jurisdiction of this court. Declaratory relief will effectively adjudicate the rights of the parties.

WHEREFORE, Plaintiff prays that:

1. The court determine the correct amount of Plaintiff's obligation to Defendant if any.

2. The court determine the proper amount of Defendant's proof of claim.

3. The court issue such other and further relief as it may deem necessary and proper.

Respectfully submitted,

Christopher R. Wampler    #05461
Attorney for Plaintiff
The Wampler Law Firm, LLC
One Central Plaza
11300 Rockville Pike, Suite 1015
Rockville, MD 20852
Phone: (301) 881-8895
Fax: (301) 881-8896